11th Court of Appeals
Eastland, Texas
Opinion
 
Phonsavanphet Xoumphonphackdy
            Appellant
Vs.                  No. 11-03-00393-CR -- Appeal from Erath County
State of Texas
            Appellee
 
            The jury convicted Phonsavanphet Xoumphonphackdy of possession of four or more but less
than 200 grams of methamphetamine and assessed his punishment at confinement for 20 years and
a $10,000 fine. We affirm.
            There is no challenge to the sufficiency of the evidence. The record reflects that a .40 caliber
Taurus pistol and 111.71 grams of methamphetamine were recovered from appellant’s vehicle.
            In his sole point of error, appellant contends that his trial counsel was ineffective for failing
to arrange for an interpreter during the proceedings. Appellant relies on the recent case of Garcia
v. State, No. 489-03, 2004 WL 574554 (Tex.Cr.App., March 24, 2004), to support his argument. 
In Garcia, the Court of Criminal Appeals held that:
[W]hen a trial judge is aware that the defendant has a problem understanding the
English language...the judge has an independent duty to implement [the right to have
an interpreter translate the proceedings into a language the defendant understands]
in the absence of a knowing and voluntary waiver by the defendant. The judge may
become aware of the defendant’s language problem either by being informed of it by
one or both parties or by noticing the problem sua sponte.
 
In Garcia, the trial court, the State, and the defense counsel were all well aware that the defendant
had a limited understanding of the English language. An interpreter had been sworn to translate for
the pretrial proceedings, and the defendant informed the trial court during cross-examination that he
had not understood the victim’s testimony. Defense counsel filed a motion for new trial for “lack
of translation and ineffective assistance of counsel.” The Court of Criminal Appeals noted that the
testimony at the hearing on the motion for new trial established that the defendant did not speak
English, that the translator who had been sworn to translate was not present during the
guilt/innocence phase, and that the trial court stated that it became aware during the trial that the
proceedings were not being translated for the defendant. Further, the court noted that trial counsel
had an assistant who translated the defendant’s testimony for the record but did not translate the
witnesses’ testimony for the defendant and that this assistant was never sworn by the trial court to
be an interpreter. The Court of Criminal Appeals stated that, under these facts, the defendant had
not waived his right to have an interpreter translate the proceedings.
            The present case is factually distinguishable. The record reflects no such problem on the part
of appellant with the English language and no awareness of any difficulties in appellant’s
understanding of the English language. In fact, the record affirmatively reflects the opposite. 
            During the arraignment, appellant personally spoke to the trial court and corrected the
spelling of his name on the indictment. Appellant did not testify at the guilt/innocence phase but did
testify at the punishment phase. Appellant stated that he was 35 years old, that he was born in Laos,
that he came to the United States when he was 13 to “make a better life,” that he went to high school
in Salt Lake City, that he had received his G.E.D. the year before his trial, and that he had been in
Texas for almost five years. Appellant testified as follows when asked to tell the jury about his “life
experiences”:
            Yes, my name is Phon Xoumphonphackdy, I born in Laos, which is close to
Thailand, Bangkok, Thailand, and before I move out here in - - huh - - they got the
war over there, which is Viet Nam War, that’s when I come down to camp, to
Thailand, and I want to make a better life, that’s why I come to United States and
start out here, try to work it out, and here I am.
 
When asked about an accident he had had between the time of his arrest and the time of trial,
appellant stated:
            It was about probably four months ago, just I was starting work on the car, we
just -- the car didn’t start and I was pouring the gas, and I was put -- huh -- see, the
first time I was changing the fuel filter, which is where the gasoline and it’s kind of
leaking on my body a little bit already, before I try to get the car started by pouring
the gas in the carburetor, and that’s when it lit it up on me and gets me on my body,
burning, that’s when the accident happened.
 
Appellant then described his injuries and recovery. Appellant also testified concerning nine prior
arrests from 1989 to 1998 in Utah and California, including three for driving while intoxicated,
possession of a deadly weapon, criminal mischief, domestic violence, aggravated kidnapping, simple
assault, violating a protective order, trespass, carrying a false I.D., providing a false name, driving
while license suspended, speeding, and possession of cocaine.
            The only indication of a misunderstanding of English occurred when, while inquiring about
whether the Communists were “oppressing the people” of Laos, defense counsel asked appellant:
“Were you poor?” Appellant answered: “I still don’t get that word.” Defense counsel then asked
appellant if he had had “much money.” Appellant answered: “Oh, no, I was -- no money, not much,
not rich, not poor, no more, really.”
            Unlike the defendant in Garcia, appellant’s testimony did not reflect that he did not
understand English; his motion for new trial did not allege that appellant did not understand the trial
court proceedings due to the failure of the services of a translator; and the record does not reflect that
the trial court, the defense counsel, and the State were aware that appellant did not sufficiently
understand the proceedings because of the lack of the services of a translator. The trial court had not
“become aware of the defendant’s language problem either by being informed of it by one or both
parties or by noticing the problem sua sponte”; therefore, the “independent duty” under Garcia to
implement appellant’s right to have the proceedings translated into a language that he understood
was not invoked, and no waiver was necessary. No error occurred.
            Appellant has not shown that his trial counsel’s representation fell below an objective
standard of reasonableness. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State,
988 S.W.2d 770 (Tex.Cr.App.1999). Therefore, we do not reach the second prong of the Strickland
test – whether there is a reasonable probability that the result would have been different but for
counsel’s errors. The point of error is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                    W. G. ARNOT, III
                                                                                    CHIEF JUSTICE
September 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.